IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT W. HAMIC, JR.
and MARIE G. HAMIC,

      Plaintiffs,

v.                                      Case No. 1:11-cv-644 WJ/DJS

MORTGAGE ELECTRONIC
REGISTRATION SERVICES, INC.,
AMERICA'S SERVICE COMPANY, and
US BANK,

      Defendants.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on its *Order to Show Cause* [Doc. 20] filed September 14, 2011, which directed Plaintiffs to appear and show cause why they should not be sanctioned for failing to comply with the *Initial Scheduling Order* [Doc. 7]. The *Initial Scheduling Order* required Plaintiffs to (1) meet and confer with Defendants; (2) cooperate in preparing a Joint Status Report and Provisional Discovery Plan (JSR); and (3) attend the Rule 16 Scheduling Conference on September 14, 2011. Plaintiffs did not appear at the Show Cause Hearing on September 21, 2011, and have failed to show cause why they should not be sanctioned. For their failure to comply with the *Initial Scheduling Order*, the Court therefore sustains the *Order to Show Cause* and sanctions Plaintiffs in the amount of $500.00 payable to Defendants through Defendants' counsel.

**I.**      **BACKGROUND**

Plaintiffs are pro se. They filed this case in state court on June 22, 2011. Defendants removed the case to federal court on July 22, 2011.

The complaint alleges that Plaintiffs own real property in Corrales, New Mexico, and that

Defendants hold the mortgage. [Doc. 1-1 at 5.] Plaintiffs further assert that Defendants improperly transferred the debt note, with the alleged result that the mortgage lien is unenforceable. [Id. at 6–7.] Plaintiffs assert claims under the Fair Debt Collections Practices Act and under the United States Constitution, as well as state law claims. [Id. at 9.] They seek a declaration that Defendants are not entitled to foreclose on the property and that the lien is released. [Id. at 17.] Plaintiffs also seek a refund of all fees and charges, and to require Defendants to pay attorney's fees and exemplary damages. [Id. at 18.]

Defendants removed the case to federal court on diversity and federal question grounds. [Doc. 1 at 3–7.] Defendant US Bank has filed a counterclaim for foreclosure. [Doc. 9 at 13.]

On August 9, 2011, the Court entered an *Initial Scheduling Order* which required the parties to meet and confer, to prepare a JSR, and to attend a scheduling conference on September 14, 2011. [Doc. 7.] Plaintiffs failed to appear at the scheduling conference. Defendants' counsel reported to the Court that they had been unable to contact Plaintiffs, that Plaintiffs did not participate in the meet-and-confer, nor did they provide input to the JSR.

On September 14, 2011, the Court entered an *Order to Show Cause* setting this matter for a show cause hearing on September 21, 2011. The *Order to Show* Cause admonished Plaintiffs that failure to comply could provide grounds for dismissal. [Doc. 20.] Plaintiffs did not appear at the show cause hearing. [Doc. 22 (Clerk's Minutes).]

II.   **LEGAL STANDARDS**

The undersigned has the authority conferred on magistrate judges under 28 U.S.C. § 636(b)(1)(A) to decide matters involving nondispositive sanctions. *Hutchinson v. Pfeil*, 105 F.3d 562, 565 (10th Cir. 1997); *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1465 (10th Cir. 1988). Rule 16(f) of the Federal Rules of Civil Procedure states:

>   (1) *In general*.  On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii) – (vii), if a party or its attorney:
>   (A)   fails to appear at a scheduling or other pretrial conference;
>   (B)   is substantially unprepared to participate—or does not participate in good faith—in the conference; or
>   (C)   fails to obey a scheduling or other pretrial order.
>
>   (2) *Imposing Fees and Costs*.  Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 16(f).

Subsection (f) gives courts "very broad discretion to use sanctions where necessary to insure not only that lawyers and parties refrain from contumacious behavior, already punishable under the various other rules and statutes, but that they fulfill their high duty to ensure the expeditious and sound management of the preparation of cases for trial."  *In re Baker*, 744 F.2d 1438, 1440 (10th Cir. 1984).  Monetary sanctions under Rule 16(f) should be proportionate to the seriousness of the violation and reflect where the fault lies, with counsel or client.  *Turnbull v. Wilcken*, 893 F.2d 256, 259 (10th Cir. 1990).

## III. ANALYSIS

### A. Rule 16(f) Sanctions

Plaintiffs' failure to appear at the Rule 16 Scheduling Conference is sanctionable conduct under Rule 16 of the Federal Rules of Civil Procedure.  Fed.R.Civ.P. 16(f)(1)(A), (C).  The Court also finds Plaintiffs failed to meet and confer with Defendants or to participate in preparing the JSR, as required by the *Initial Scheduling Order*.  [Doc. 23 (transcript of show cause hearing) at 5–7 (detailing defendants' counsel's attempts to contact Plaintiffs).]  A sanction of attorney fees under Rule 16(f) is therefore mandatory unless the Court determines Plaintiffs' noncompliance was

substantially justified or there are other circumstances that make an award unjust. *See Lillie v. United States*, 40 F.3d 1105, 1110 (10th Cir. 1994).

Plaintiffs did not appear at the show cause hearing, nor did they request the hearing be rescheduled. They have not otherwise contacted the Court and two attempts by Court staff to contact the Plaintiffs by telephone were unsuccessful. [Doc. 23 at 4–5.]

As a result of Plaintiffs' failure to offer any reason for their noncompliance, the Court concludes their conduct was not substantially justified. Furthermore, the Court is aware of no circumstances that would make a sanction unjust. The Court therefore concludes Plaintiffs should be required to pay Defendants a reasonable attorney's fee.

### B. Amount of the sanction

At the Court's direction, Defendants' counsel submitted an itemization of fees incurred as a result of Plaintiffs' failure to comply with the Court's orders and Defendants' requests. Defendants report that the fees incurred total $2,200, resulting from 9.4 hours of attorney time. [Doc. 24.]

Mr. Harris, the lead and most senior attorney, spent 4.0 hours which includes preparing for and attending the Rule 16 Conference and preparing for and attending the show cause hearing. [Doc. 24.] Ms. Roach spent 5.4 hours which includes preparing the JSR, drafting correspondence to Plaintiffs, attempting to contact Plaintiffs by telephone, and preparing for and attending the show cause hearing. [Id.] Based on the fee totals, the Court calculates that Mr. Harris's hourly rate is $285 and Ms. Roach's is $200.

The Court finds the hourly rates are reasonable. However, only a portion of the 9.4 hours were incurred by reason of Plaintiffs' failure to comply with the Court's orders. Even if Plaintiffs had been compliant, Defendants would not have been spared the costs of preparing the JSR and

attending the Rule 16 Conference. On the other hand, but for Plaintiffs' noncompliance Defendants would not have had to make repeated fruitless attempts to contact them, nor would Defendants have been required to prepare for and attend the show cause hearing, which lasted approximately ten minutes.

Based on consideration of these circumstances, the Court concludes that $500.00 is an appropriate sanction both proportional to the violation and sufficient to compensate the Defendants.

**IT IS ORDERED** that within fourteen (14) days from the date of this *Memorandum Opinion and Order*, Plaintiffs shall: (1) pay Defendants' counsel, the law firm of Modrall Sperling Roehl Harris & Sisk PA, the amount of $500.00 as a sanction for failing to comply with the Initial Scheduling Order; and (2) file a certificate indicating they have complied with this order. Upon receipt of payment from Plaintiffs, Defendants' counsel shall reimburse their clients from the award of attorney fees to the extent each client incurred the fee.

_____
**DON J. SVET**
**United States Magistrate Judge**