## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**ROBERT W. HAMIC, JR.,**
**MARIE G. HAMIC,**

    **Plaintiffs,**

**v.**                                                                                                          **No. 11-cv-0644 WJ/SMV**

**MORTGAGE ELECTRONIC**
**REGISTRATION SYSTEM, INC.,**
**AMERICA'S SERVICE COMPANY,**
**and US BANK,**[1]

    **Defendants.**

### **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on Mortgage Electronic Registration Systems, Inc. and America's Serving Company's Motion for Sanctions Under Rule 37 for Plaintiffs' Failure to Comply with the Court's Orders or in the Alternative Motion to Dismiss Under Rule 41 [Doc. 28] ("Motion"). The Motion has been referred to the undersigned by the Honorable William P. Johnson, United States District Judge, for analysis and a recommended disposition. Order of Reference on Motion in Civil Case [Doc. 34]. Having considered the Motion, Plaintiffs' failure to respond to the Motion, the relevant law, and being otherwise fully advised, the Court **FINDS** that Plaintiffs have repeatedly failed to comply with the orders of this Court. The Court further **FINDS** that such failures have caused actual prejudice to Defendants, that such failures have interfered with the

---

[1] Defendants have indicated that the caption does not identify them correctly. Defendants' First Amended Answer to Plaintiff's [sic] Original Verified Complaint for Declaratory Judgment, Estoppel, and Quiet Title and US Bank's Counterclaim for Foreclosure ("Amended Answer") [Doc. 9] at 1. Defendants indicate that they are properly identified as "Mortgage Electronic Registration System<u>s</u>, Inc.," "America's Servic<u>ing</u> Company," and "US Bank<u>, N.A.</u>" *Id.* No request, however, has been made to amend the caption. Accordingly, although the Court notes the discrepancy, the Court will refer to Defendants herein consistent with the caption.

judicial process, that Plaintiffs are culpable for their failures despite warnings that such failures could result in dismissal of their claims, and that lesser sanctions have not been effective. Accordingly, pursuant to Federal Rules of Civil Procedure 37(b) and (c) and 41(b), the Court **RECOMMENDS** that the Motion be **GRANTED** and that Plaintiffs' claims against all Defendants[2] be **DISMISSED with prejudice**, leaving, as claims and parties, only US Bank's counterclaim against Plaintiffs for foreclosure.

## Background

Plaintiffs own a piece of real property in Corrales, Sandoval County, New Mexico. They purchased the property in 2006 with money they borrowed from Defendant US Bank's predecessor in interest, First Community Bank. *Id.* at 5, 38–55; Amended Answer [Doc. 9] at 13. The loan was secured by a mortgage in the amount of $900,000. *Id.* at 5, 38–55. In January of 2009, Defendant US Bank's predecessor in interest, First Community Bank, gave Plaintiffs a $95,000 home-equity line of credit secured by a deed of trust on the property. *Id.* at 5, 56–59 (Home Equity Line of Credit Note); *id.* [Doc. 1-2] at 1–7 (Line of Credit Deed of Trust); Plaintiff[s'] Original Verified Complaint ("Complaint") [Doc. 1-1] at 5 (relationship between First Community Bank and US Bank); Amended Answer [Doc. 9] at 13 (same).

Plaintiffs filed their Complaint in 2011. Complaint [Doc. 1-1]. The Complaint alleges that the debts associated with the property should be forgiven or considered void because Defendants had not responded to Plaintiff Robert Hamic's requests for certain information and accounting, and

---

[2] Although only two of the three Defendants brought the motion at bar, the Court recommends dismissal of Plaintiffs' claims as to all three Defendants because the prejudice caused by Plaintiffs' sanctionable conduct is not limited to the movants but permeates the entire case. *See* Fed. R. Civ. P. 37(b) (no motion required for court to dismiss); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (district court may dismiss sua sponte when a condition of Rule 41 is met); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (same).

because Defendants had not responded to Mr. Hamic's "notices" that unless Defendants responded, Defendants would waive all of their rights related to the property and appurtenant debts. *Id.* [Doc. 1-1] at 4, 7, 8–12. Defendants were each served with the Complaint no later than June 27, 2011. Notice of Removal [Doc. 1] at 1. Defendants removed the case to this Court on July 22, 2011. *Id.* at 1–2. On August 1, 2011, all Defendants collectively answered the Complaint. Defendants' Answer to Plaintiff's [sic] Original Verified Complaint for Declaratory Judgment, Estoppel, and Quiet Title [Doc. 6].

The Honorable Don J. Svet, United States Magistrate Judge, issued an Initial Scheduling Order ("ISO") on August 9, 2011. ISO [Doc. 7]. The ISO required all parties to meet and confer no later than August 23, 2011, and to cooperate in the formulation of a Joint Status Report and Provisional Discovery Plan ("JSR") for submission to the Court no later than September 6, 2011. *Id.* The ISO further ordered the parties to make their Initial Disclosures under Fed. R. Civ. P. 26(a)(1) no later than September 6, 2011. *Id.* Finally, the ISO ordered the parties to appear in Albuquerque, (or make arrangements to participate telephonically) for a Rule 16 Scheduling Conference on September 14, 2011. *Id.*

Plaintiffs failed to appear at the Scheduling Conference. Clerk's Minutes [Doc. 17]. Defense counsel represented to Judge Svet that Plaintiffs had not responded to any of his or his co-counsel's attempts to contact them. *Id.* As a result, neither the meet-and-confer nor the Initial Disclosures had occurred. *Id.* Plaintiffs had not contributed to the JSR. *Id.* On the same day, Judge Svet issued two orders: a Scheduling Order [Doc. 18] and an Order to Show Cause ("OTSC") [Doc. 20]. The Scheduling Order extended the deadline for the parties to make their Initial Disclosures to October 3, 2011. Scheduling Order [Doc. 20] at 1. The OTSC ordered Plaintiffs to

appear before Judge Svet on September 21, 2011, to explain why they should not be sanctioned for violating the ISO. OTSC [Doc. 20]. In his OTSC, Judge Svet expressly warned the Plaintiffs that failure to comply could result in dismissal of their case. *Id.* at 2.

Plaintiffs failed to appear at the show-cause hearing on September 21, 2011. Clerk's Minutes [Doc. 22]. They also failed to file a certificate of service confirming that they had made their Initial Disclosures.[3] Judge Svet found that Plaintiffs' failure to comply with the Court's order and failure to participate in the case were sanctionable. He ordered defense counsel to submit a cost bill, along with copies of all correspondence that they had sent to Plaintiffs to date. *Id.* Defendants submitted their cost bill, which totaled $2,200. Defendant's Costs Incurred as a Result of Plaintiffs' Failure to Comply with the Court's Orders and Defendants' Requests [Doc. 24]. Judge Svet issued a Memorandum Opinion and Order ("MOO") on November 1, 2011, memorializing his finding that Plaintiffs' conduct was sanctionable. [Doc. 27]. He held that, pursuant to Fed. R. Civ. P. 16(f), a sanction of attorney's fees was mandatory because Plaintiffs' noncompliance was not substantially justified, and because no other circumstances made the award unjust. *Id.* at 4. Judge Svet ordered Plaintiffs to pay $500 to Defendants' counsel within fourteen days of the order, as an appropriate sanction of Plaintiffs, and to compensate Defendants for unnecessary costs incurred as a result of Plaintiffs' actions. *Id.* at 5. Finally, Judge Svet ordered Plaintiffs to file a certificate with the Court after they had paid the sanction. *Id.* The record contains no certificate or other indication that Plaintiffs complied with Judge Svet's MOO.

On December 20, 2011, Defendants Mortgage Electronic Registration System, Inc. ("MERS") and America's Service Company ("ASC") filed the instant motion, advising that they

---

[3] Defendants filed their Initial Disclosures on October 3, 2011. Certificate of Service [Doc. 26].

received neither the $500 payment nor Plaintiffs' Initial Disclosures. Motion [Doc. 28] at 5. MERS and ASC now ask the Court to dismiss Plaintiffs' claims pursuant Fed. R. Civ. P. 37 and 41 for Plaintiffs' failure to comply with the Court's ISO, Scheduling Order, Order to Show Cause, and MOO. *Id.* at 1. Plaintiffs have not respond to the Motion, and the time for so doing has passed.

## Analysis

Fed. R. Civ. P. 37(b)(2)(A)(v) allows a court to dismiss an action "[i]f a party . . . fails to obey an order to provide or permit discovery . . . ." Similarly, Rule 41(b) authorizes dismissal "[i]f the plaintiff fails to prosecute or comply with [the] rules or a court order." Dismissal is a "drastic sanction that should be employed only as a last resort," *Davis v. Miller*, 571 F.3d 1058, 1061 (10th Cir. 2009), and it is "appropriate only in cases of willful misconduct," *Erenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). In the spirit of liberally construing the submissions of a pro se litigant, *see Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998), courts should consider whether a sanction less than dismissal may be appropriate "so that the party does not unknowingly lose its right of access to the courts because of a technical violation." *Erenhaus*, 965 F.2d at 920 n.3. Before dismissing a case under Rule 37 or Rule 41, therefore, a court should consider the following factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Erenhaus*, 965 F.2d at 921(citations, internal quotation marks, and ellipsis omitted) (considering dismissal under Rule 37); *see also Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2004) (applying the *Erenhaus* factors to dismissal under Rule 41(b)). "Only

when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Erenhaus*, 965 F.2d at 921 (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1521 n.7 (10th Cir. 1988)).

Here, Defendants have been—and, absent dismissal, would continue to be—prejudiced by Plaintiffs' continued failure comply with this Court's orders. For example, Defendants have incurred the costs associated with defense counsel's futile attempts to coordinate the JSR with Plaintiffs. Defendants have incurred the cost of defense counsel's preparation for, and attendance at, the show-cause hearing. MERS and ASC have incurred the added cost of filing the instant motion for sanctions, increasing their expenses. Moreover, because Plaintiffs have yet to make their Initial Disclosures—which were originally due by September 6, 2011, nearly five months ago—Defendants are at a disadvantage in preparing their case. The first *Erenhaus* factor, therefore, weighs in favor of dismissal.

The second *Erenhaus* factor, interference with the judicial process, also favors dismissal. As noted in *Erenhaus*, if a litigant "could ignore court orders . . . without suffering the consequences, then [the court could] not administer orderly justice, and the result would be chaos." 965 F.2d at 921 (internal quotation marks omitted). Essentially, Plaintiffs filed this lawsuit and then abandoned it. They have repeatedly failed to follow direct and specific orders of this Court, which has wasted judicial resources and stymied the progress of this case.

The third factor, the litigants' culpability, further supports dismissal. Judge Svet found that Plaintiffs were responsible for their failures to comply with the Court's ISO. MOO [Doc. 27]. Plaintiffs have not asserted otherwise. All of the Court's orders have been mailed to each Plaintiff at the address listed on their Complaint, and neither Plaintiff has submitted any change of address.

The undersigned concurs with Judge Svet; Plaintiffs are themselves responsible for their complete disregard for this Court's orders.

With respect to the fourth *Erenhaus* factor, Judge Svet explicitly warned Plaintiffs that failure to comply with the OTSC [Doc. 20] could lead to dismissal of their case. Judge Svet wrote, "**PLAINTIFFS ARE HEREBY ADMONISHED THAT THEIR FAILURE TO COMPLY WITH THIS *ORDER TO SHOW CAUSE* MAY CONSTITUTE GROUNDS FOR DISMISSAL OF THIS ACTION**." OTSC [Doc. 20] at 2 (emphases in original). Plaintiffs were clearly on notice that their case could be dismissed. This factor, therefore, supports dismissal.

Finally, because lesser sanctions have not been effective, and because there is no reason to believe that further lesser sanctions would be effective, the fifth *Erenhaus* factor also supports dismissal. Plaintiffs were ordered to pay $500 when they failed to meet and confer with Defendants, failed to cooperate in preparing the JSR, failed to attend the Rule 16 Scheduling Conference, and then failed to appear for the hearing on the OTSC. MOO [Doc. 27]. They have ignored that order, as they have all previous orders. Their conduct demonstrates that they have no intention of heeding the Court. It would be pointless, therefore, for the Court to consider imposing a lesser sanction than dismissal.

## Conclusion

Plaintiffs have repeatedly and consistently failed to comply with the orders of this Court. Such failures have prejudiced Defendants and have interfered with the judicial process. Plaintiffs alone are culpable for their failures. They were warned that their claims could be dismissed. Lesser sanctions have not been, and are not expected to be, effective. Although the Court prefers to resolve

disputes on the merits, the aggravating factors in this case outweigh such preference. Accordingly, pursuant to Fed. R. Civ. P. 37(b) and (c) and 41(b),

**IT IS THEREFORE RECOMMENDED** that Defendants MERS and ASC's Motion [Doc. 28] be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Plaintiffs' claims against all Defendants be **DISMISSED with prejudice**.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITH FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 29 U.S.C. § 636(b)(1)(c). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
STEPHAN M. VIDMAR
UNITED STATES MAGISTRATE JUDGE